# INTENTIONALLY
# LEFT BLANK

# EXHIBIT A

Electronically FILED by Superior Court of California, County of Los Angeles on 11/21/2022 11:45 AM Sherri R. Carter, Executive Officer/Clerk of Court, by E. Galicia,Deputy Clerk

Case 2:23-cv-01935-ODW-SK   Document 1-1   Filed 03/15/23   Page 3 of 59   Page ID #:12

**SUM-100**

# SUMMONS
## *(CITATION JUDICIAL)*

| | FOR COURT USE ONLY<br>*(SOLO PARA USO DE LA CORTE)* |
|---|---|

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

Arnold & Porter Kaye Scholer, LLP and DOES 1-10

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

Healthcare Ally Management of California, LLC

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

The name and address of the court is:
*(El nombre y dirección de la corte es):* Stanley Mosk Courthouse
111 N. Hill St.
Los Angeles, CA 90012

CASE NUMBER:
*(Número del Caso):*
22STCV36696

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Jonathan Stieglitz, 11845 W. Olympic Blvd., Suite 800, Los Angeles, California 90064, (323) 979-2063

Sherri R. Carter Executive Officer / Clerk of Court

DATE: 11/21/2022          Clerk, by        E. Galicia        , Deputy
*(Fecha)*                 *(Secretario)*                      *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☐ on behalf of *(specify):*

   under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

**Page 1 of 1**

---

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
*www.courtinfo.ca.gov*

**EXHIBIT A - PAGE 12**

# INTENTIONALLY
# LEFT BLANK

Electronically FILED by Superior Court of California, County of Los Angeles on 11/21/2022 11:45 AM Sherri R. Carter, Executive Officer/Clerk of Court, by E. Galicia,Deputy Clerk
Assigned for all purposes to: Stanley Mosk Courthouse, Judicial Officer: Barbara Meiers

1  JONATHAN A. STIEGLITZ
   (SBN 278028)
2  jonathan.a.stieglitz@gmail.com
   THE LAW OFFICES OF
3  JONATHAN A. STIEGLITZ
   11845 W. Olympic Blvd., Ste. 800
4  Los Angeles, California 90064
   Telephone:    (323) 979-2063
5  Facsimile:    (323) 488-6748

6  Attorney for Plaintiff
   Healthcare Ally Management of California, LLC
7

8           SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                    COUNTY OF LOS ANGELES

10

11 HEALTHCARE ALLY MANAGEMENT          Case No.:  22STCV36696
   OF CALIFORNIA, LLC
12                                      Complaint For:
                Plaintiff,
13                                      1.   PROMISSORY ESTOPPEL.
        v.                              2.   VIOLATION OF CAL. BUS. & PROF.
14                                           CODE §17200 ET SEQ. ("UCL").
   Arnold & Porter Kaye Scholer, LLP and 3.  NEGLIGENT MISREPRESENTATION;
15 DOES 1-10,                                and
                                        4.   BREACH OF WRTITEN CONTRACT
16              Defendant.
                                        **(Jury Trial Requested)**
17
                                        Damages - $113,240.00
18

19

20

21

22

23

24

25

26

27

28

                        Complaint

1    Plaintiff HEALTHCARE ALLY MANAGEMENT OF CALIFORNIA, LLC. (Hereinafter

2    referred to as "PLAINTIFF", and "HAMOC") complains and alleges:

3                                    **PARTIES**

4           1.      On June 17, 2015, La Peer Surgery Center (hereinafter referred to as the "Medical

5    Provider") entered into an agreement with HAMOC. The agreement provided that Medical

6    Provider could assign any past, present, or future unpaid or underpaid bills to HAMOC by

7    sending HAMOC a copy of the unpaid or underpaid bill. The agreement also provided that once

8    an underpaid or unpaid bill was assigned to HAMOC, HAMOC had the right to take any legal

9    action necessary including the filing of a lawsuit to attempt to recover an unpaid or underpaid bill.

10   On October 13, 2022, Medical Provider assigned Patient's[1] underpaid/unpaid bill including the

11   right to file a lawsuit to HAMOC by sending via email a copy Patient's underpaid/unpaid bill to

12   HAMOC. Patient is a member and enrollee of Arnold & Porter Kaye Scholer LLP (hereinafter

13   referred to as "DEFENDANT") health insurance policy.

14          2.      DEFENDANT is and was licensed to do business in and is and was doing business

15   in the State of California, as a payor of insurance. HAMOC is informed and believes that

16   DEFENDANT and or its agents are licensed to transact the business of insurance in the State of

17   California.  DEFENDANT and or its agents are in fact transacting the business of insurance in the

18   State of California and is thereby subject to the laws and regulations of the State of California.

19          3.      The true names and capacities, whether individual, corporate, associate, or

20   otherwise, of defendants DOES 1 through 10, inclusive, are unknown to HAMOC, who therefore

21   sues said defendants by such fictitious names.  HAMOC is informed and believes and thereon

22   alleges that each of the defendants designated herein as a DOE is legally responsible in some

23   manner for the events and happenings referred to herein and legally caused injury and damages

24   proximately thereby to HAMOC.  HAMOC will seek leave of this Court to amend this Complaint

25

26   _____

27   [1] For privacy reasons and in order to comply with Health Insurance Portability and Accountability
     Act ("HIPAA"), the full names, dates of treatment and policy information pertaining to the
28   Patients is being withheld.  This information will be disclosed to defendants upon their request.

- 2 -
COMMPLAINT

to insert their true names and capacities in place and instead of the fictitious names when they become known to it.

4.     At all times herein mentioned, unless otherwise indicated, DEFENDANT/s were the agents and/or employees of each of the remaining defendants and were at all times acting within the purpose and scope of said agency and employment, and each defendant has ratified and approved the acts of his agent.  At all times herein mentioned, DEFENDANT/s had actual or ostensible authority to act on each other's behalf in certifying or authorizing the provision of services; processing and administering the claims and appeals; pricing the claims; approving or denying the claims; directing each other as to whether and/or how to pay claims; issuing remittance advices and explanations of benefits statements; making payments to Medical Provider and its Patient.

## GENERAL ALLEGATIONS

5.     All of the claims asserted in this complaint are based upon the individual and proper rights of Medical Provider in its own individual capacity and are not derivative of the contractual or other rights of the Medical Provider's Patients.  The claims asserted in this complaint arise out of the Medical Provider's interactions with DEFENDANT and DOES 1 through 10, inclusive and are derived from the representations and warranties made during those conversations amongst those parties. Medical Provider does not in any way, seek to enforce the contractual rights of the Medical Provider's Patients, through the Patients' insurance contract, policies, certificates of coverage or other written insurance agreements.

6.     This complaint arises out of the failure of DEFENDANT to make proper payments and/or the underpayment to Medical Provider by DEFENDANT and DOES 1 through 10, inclusive, of amounts due and owing now to Medical Provider for surgical care, treatment and procedures provided to Patients, who are insureds, members, policyholders, certificate-holders or were otherwise covered for health, hospitalization and major medical insurance through policies or certificates of insurance issued and underwritten by DEFENDANT and DOES 1 through 10, inclusive.

7.     Medical Provider is informed and believes based on DEFENDANT's oral and other representations that the Patient was an insured of DEFENDANT either as a subscriber to coverage or a dependent of a subscriber to coverage under a policy or certificate of insurance issued and underwritten by DEFENDANT and DOES 1 through 10, inclusive, and each of them. Medical Provider is informed and believes that the Patient entered into a valid insurance agreement with DEFENDANT for the specific purpose of ensuring that the Patient would have access to medically necessary treatments, care, procedures, and surgeries by medical practitioners like Medical Provider and ensuring that DEFENDANT would pay for the health care expenses incurred by the Patient.

8.     Medical Provider is informed and believes that DEFENDANT and DOES 1 through 10, inclusive, and each of them, received and continue to receive, valuable premium payments from the Patients and/or other consideration from patients under the subject policies applicable to patients.

9.     It is standard practice in the health care industry that when a medical provider enters into a written preferred provider contract with a health plan such as DEFENDANT, that a medical provider agrees to accept reimbursement that is discounted from the medical provider's total billed charges in exchange for the benefits of being a preferred or contracted provider.

10.     Those benefits include an increased volume of business because the health plan provides financial and other incentives to its members to receive their medical care and treatments from the contracted provider, such as advertising that the provider is "in network" and allowing the members to pay lower co-payments and deductibles to obtain care and treatment from a contracted provider.

11.     Conversely, when a medical provider, such as Medical Provider, does not have a written contract or preferred provider agreement with a health plan, the medical provider receives no referrals from the health plan.

12.     The medical provider has no obligation to reduce its charges. The health plan is not entitled to a discount from the medical provider's total bill charge for the services rendered,

- 4 -
COMPLAINT

1   because it is not providing the medical provider within network medical provider benefits, such as

2   increased patient volume and direct payment obligations.

3        13.     The reason why medical providers have chosen to forgo the benefits of a contract

4   with a payor is that, in recent years, many insurers including DEFENDANT's contracted rates for

5   in-network providers have been so meager, one-sided, and onerous, that many providers like

6   Medical Provider have determined that they cannot afford to enter into such contracts.  As a

7   result, a growing number of medical providers have become non-contracted or out of network

8   providers.

9        14.     Plaintiff believes that for non-contracted, out-of-plan, or out-of-network providers,

10  DEFENDANT has unlawfully underpaid these providers for the medically necessary and

11  appropriate services they have rendered to the insured of the DEFENDANT.  Plaintiff believes

12  that in some cases DEFENDANT has used flawed databases and systems to unilaterally

13  determine what amounts it pays to medical providers and has colluded with other insurers to

14  artificially underpay, decrease, limit, and minimize the reimbursement rates paid for services

15  rendered by non-contracted providers.

16       15.     Often, the rates paid to medical providers such as Medical Provider by payors such

17  as DEFENDANT for the exact same procedure, treatment, surgery, or service, were paid at

18  different rates during the same year.  At other times, medical providers were paid rates which

19  were below what they would have received had they been a preferred or in-network provider,

20  even though such volume-discounted rates would have been significantly lower than usual,

21  reasonable, or customary rates as defined by California law.

22       16.     Medical Provider is informed and believes and thereon alleges that

23  DEFENDANT's systems for paying out-of-network claims is flawed, that DEFENDANT

24  improperly manipulates the data in its systems to underpay out-of-network Medical Provider

25  claims and that DEFENDANT's systems and methods for calculating such rates violate

26  California law.

27       17.     Payors and insurers want their patients to be seen and so they commonly promise

28  to pay a percentage of the market rate for the procedure, also described as, an average payment

for the procedure performed or provided by similarly situated medical providers within similarly situated areas or places of practice. Rather than use the words market rate to simplify terms, payors have long used words or combinations of words such as usual, reasonable, customary, and allowed, all to mean an average payment for a procedure provided by similarly situated medical providers within similarly situated areas or places of practice ("UCR").

18.     The United States government provides a definition for the term UCR. "The amount paid for a medical service in a geographic area based on what providers in the area usually charge for the same or similar medical service. The UCR amount sometimes is used to determine the allowed amount."[2]

19.     Based upon these criteria, Medical Provider's charges are usual, reasonable, and customary.  Medical Provider charged DEFENDANT the same fees that it charges all other payors.  Medical Provider's fees are comparable to the prevailing provider rates for other surgeons in comparable geographic areas to the one in which the services were provided.

20.     DEFENDANT uses the term UCR in its insurance policies.

21.     When DEFENDANT uses the term UCR for the price of a medical service, DEFEDANT will utilize a medical bill database from Fair Health Inc. to determine the exact dollar amount to be paid for a medical claim.[3]

22.     Fair Health Inc. is a database which is available to the public. It is available for purchase when utilized by entities like DEFENDANT and it is available for free in a more limited fashion for use by consumers.[4]

---

[2] *See* Healthcare.gov, UCR (Usual, Customary and Reasonable) (February 19, 2020), https://www.healthcare.gov/glossary/UCR-usual-customary-and-reasonable/ (defining UCR)

[3] United Healthcare, Information on Payment of Out-of-Network Benefits (March 6, 2018), https://www.uhc.com/legal/information-on-payment-of-out-of-network-benefits ("FH, [Fair Health], Benchmarking Database. One of two compilations of information on health care professional charges created by Fair Health and used by affiliates of UnitedHealth Group **to determine payment** for out-of-network professional services when reimbursed under standards such as 'the reasonable and customary amount,' 'the usual, reasonable and customary amount,' 'the prevailing rate,' or other similar terms that base payment on what other healthcare professionals in a geographic area charge for their services."

[4] *See* fairhealthconsumer.org, (February 19, 2020), https://www.

(Continued)

23.     When a medical provider like PLAINTIFF is told that DEFENDANT will be paying a claim based on UCR, PLAINTIFF expects that DEFENDANT will be utilizing the Fair Health database to calculate the exact dollar amount that will be paid.

24.     PLAINTIFF has a reputation for providing high quality care and, as a result, PLAINTIFF expects it will be appropriately compensated for those services.

25.     Pursuant to California Health and Safety Code Section 1371.31 and Cal. Code Regs. tit. 28, § 1300.71(3)(c), all medical providers have their own individual right to payment from insurers for medical services provided to one of their insureds in accordance with a patient's evidence of coverage.

26.     According to California Health and Safety Code Section 1371.31and Cal. Code Regs. tit. 28, § 1300.71, a failure to pay a medical provider in accordance with a patient's evidence of coverage, vests a medical provider with its own separate individual right to recovery in accordance with a patient's evidence of coverage.

## **SPECIFIC FACTS**

### **PATIENT BP**

27.     On March 26, 2021, Medical Provider conducted surgery and provided services on and for patient for the benefit of Patient and DEFENDANT.

28.     On March 22, 2021, Medical Provider's representative Emely B. spoke with Defendant's representative Ella C.

29.     Defendant represented to Medical Provider that Patient's deductible is and was $1,100.00 and that the deductible had been met and Patient's Max Out of Pocket ("MOOP") expense is and was $6,000.00 and that to date for the calendar year Patient had paid $205.95.

---

fairhealthconsumer.org/medical/results (assisting consumers to calculate the amount to be paid for a particular medical procedure)

30.     Defendant represented to Medical Provider that Medical Provider would be paid for medical services at one hundred (100) percent of the UCR amount.[5]

31.     DEFENDANT further represented that payment would not be made at a rate based on Medicare.

32.     All of the information obtained in said conversation was documented by Medical Provider at the time of the phone conversation as part of Medical Provider's policy and practice.

33.     At no time prior to the provision of services to Patient by Medical Provider, during conversations between Medical Provider and DEFENDANT did DEFENDANT advise Medical Provider that Patient's policy or certificate of insurance was subject to certain exclusions, limitations, or qualifications, which might result in denial of coverage, limitation of payment or any other method of payment unrelated to the UCR rate.

34.     DEFENDANT did not make reference to any other portion of Patient's plan that would put Medical Provider on notice of any reduction in the originally stated payment percentage.

35.     Despite representing that payment would be made at the UCR rate, DEFENDANT knew or should have known that it would not be paying Medical Provider at the UCR rate.

36.     Despite representing that payment would not be made at a Medicare rate, DEFENDANT knew or should have known that it would be paying Medical Provider at a Medicare rate.

37.     Medical Provider relied and provided services solely based on DEFENDANT's statements, promises and representations. Statements which had no relation to DEFENDANT and Patient's plan document, as the statements may or may not have been based in the DEFENDANT or Patient's plan documents, but that bore no consideration when Medical Provider agreed to provide medical services. Medical Provider took DEFENDANT at its word and promises and provided services based solely on those promises and representations.

---

[5] A reasonable and customary payment amount can be determined through publicly available databases such as Fair Health. For all bills alleged in this complaint, the billed amount was less than what Fair Health would consider to be reasonable and customary.

38.     In the alternative, pursuant to California Health and Safety Code Section 1371.31 and Cal. Code Regs. tit. 28, § 1300.71(3)(c) DEFENDANT had a contractual obligation to pay Medical Provider in accordance with Patient's plan document and agreement.

39.     According to the Patient plan agreement, DEFENDANT was obligated to pay Medical Provider, Medical Provider's full billed amount.

40.     Under either scenario, following the procedure, Medical Provider submitted to DEFENDANT any and all billing information required by DEFENDANT, including a total bill for $113,240.00.

41.     DEFENDANT paid $25,467.17 to Medical Provider. The amount paid was well below the billed amount and well below a UCR amount.

42.     As of the date of this complaint, DEFENDANT has still refused to make the appropriate payment to Medical Provider and Medical Provider was and now HAMOC is entitled to that payment from DEFENDANT.

## FIRST CAUSE OF ACTION:

## FOR PROMISSORY ESTOPPEL

43.     HAMOC incorporates by reference all previous paragraphs as though fully set forth herein.

44.     DEFENDANT promised and asserted that the procedure to be performed and which were performed for and on the Patients were covered, authorized, certified and would be paid for at the rate of UCR.

45.     DEFENDANT also promised that the payment would not based on Medicare.

46.     Medical Provider only decided to provide services because they were assured that Medicare was not part of the calculation of payment and that Medical Provider would be paid at the UCR rate.

47.     At all times both DEFENDANT and Medical Provider understood that a promised payment rate of UCR meant that DEFENDANT would be calculating the payment rate using a medical claims database created by Fair Health Inc.

- 9 -

COMPLAINT

48.     After assuring and promising Medical Provider that payment would be at the UCR rate, DEFENDANT should have reasonably expected that Medical Provider would then go on to provide the procedure on the Patients expecting that payment would be made at that rate.

49.     As a direct and proximate result of DEFENDANT's misrepresentations, Medical Provider has been damaged in an amount equal to the amount of money Medical Provider should have received had DEFENDANT paid the cost of the procedures at the UCR rate less any applicable MOOP or deductible/coinsurance.

50.     The detriment suffered by Medical Provider and now HAMOC is the amount required to make Medical Provider and now HAMOC whole, for the time, cost and money expended in providing the services to patients based on DEFENDANT'S promise of payment at the UCR rate.  As a further direct, legal, and proximate result of Medical Provider's detrimental reliance on the misrepresentations of defendants, and each of them, Medical Provider has been damaged due to the loss of monies expended in providing said services for which it was significantly underpaid and has suffered damages in the loss of use of the proceeds and income to be derived from the services.

51.     In light of the material representations and misrepresentations of DEFENDANT made to Medical Provider, and of Medical Provider's reliance on DEFENDANT's representations, and based upon Medical Provider's detrimental reliance thereon, DEFENDANT, and each of them, are estopped from denying payment and indemnification for Patients' treatments at the UCR rate and Medical Provider was and now HAMOC is entitled to the value enumerated by that calculation. An amount to be determined at the time of trial.

**SECOND CAUSE OF ACTION**

**VIOLATION OF CAL. BUS. & PROF. CODE §17200 ET SEQ.**

52.     HAMOC incorporates by reference all previous paragraphs as though fully set forth herein.

53.     DEFENDANT'S conduct violates California Business and Professions Code § 17200, *et seq*. The acts and practices of DEFENDANT constitute a common continuous and

1  continuing course of conduct of unfair competition by means of unlawful and unfair business acts

2  or practices within the meaning of Section 17200.

3      54.    Pursuant to California Health and Safety Code Section 1371.31 and CAL. CODE

4  REGS. TIT. 28, § 1300.71, once Medical Provider provided medical services to Patient,

5  DEFENDANT was obligated to pay Medical Provider in accordance with Patient's evidence of

6  coverage.

7      55.    DEFENDANT's actions in this regard are unlawful, as DEFENDANT is obligated

8  under the statutory scheme of the Knox Keene Health Care Service Plan Act of 1975, California

9  Health & Safety Code, § 1340 et seq., ("Knox Keene Act") to process and pay for the out of

10  network elective medical procedures at "the amount paid by the health care service plan…set

11  forth in the enrollee's evidence of coverage."

12      56.    DEFENDANT's conduct is not only unlawful it is also unfair. DEFENDANT's

13  conduct as alleged is "unfair" in that it offends public policy, is immoral, unscrupulous, unethical,

14  deceitful, and offensive, and causes substantial injury to Medical Provider and now Plaintiff.

15      57.    Patients out of network health insurance so that they can be able to see a larger

16  selection and generally a better selection of doctors. DEFENDANT's failure to compensate

17  Medical Provider and medical providers like Medical Provider puts the burden of paying for the

18  services on only on the Patient.

19      58.    DEFENDANTS actions as a result are unfair and wrong.

20      59.    DEFENDANT ignores the law and acts with disregard for each patient's choice to

21  see an out of network doctor.

22      60.    For the reasons stated above, Plaintiff now seeks an order enjoining

23  DEFENDANT from failing to pay out of network medical providers at least in accordance with

24  each patient's evidence of coverage or health plan.

25      61.    Patients have a right to see the doctor they will see and Defendant's actions are

26  merely an attempt to prevent patients freedom in that regard. As a result, Medical Provider seeks

27  an order awarding attorneys' fees and costs pursuant to Code of Civil Procedure Section 1021.5,

28  as it seeks to enforce this important aspect of the California healthcare scheme and system.

62.     Another remedy under the UCL is restitution. As expressed by *Bell v. Blue Cross of California,* "he who has performed the duty of another by supplying a third person with necessaries, although acting with the other's knowledge or consent, is entitled to restitution…" As a result, Medical Provider also seeks restitution for the services Medical Provider provided but for which Medical Provider was incorrectly paid.

### THIRD CAUSE OF ACTION

### FOR NEGLIGENT MISREPRESENTATION

63.     HAMOC incorporates by reference all previous paragraphs as though fully set forth herein.

64.     DEFENDANT falsely represented to Medical Provider that payment for services would be based on UCR and not Medicare.

65.     DEFENDANT knew that any payment made to Medical Provider would not be made the UCR rate and would instead be made at the Medicare rate.

66.     DEFENDANT should have known that in making the representations that payment would be made at the UCR and not Medicare rate that Medical Provider would go on to provide the services.

67.     Medical Provider then relied on DEFENDANT's misrepresentation and provided the services to patients.

68.     Medical Provider and now HAMOC has been damaged in not receiving payment at the represented UCR rate.

### FOURTH CAUSE OF ACTION

### FOR BREACH OF WRITTEN CONTRACT

69.     HAMOC incorporates by reference all previous paragraphs as though fully set forth herein.

70.     Pursuant to California Health and Safety Code Section 1371.31 and CAL. CODE REGS. TIT. 28, § 1300.71, once Medical Provider provided medical services to Patient, DEFENDANT was obligated to pay Medical Provider in accordance with Patient's health plan documents and evidence of coverage.

71.     Medical Provider provided the services, but DEFENDANT failed to pay according to the terms of the patient's health plan documents.

72.     At best, DEFENDANT applied policies and terms not found in the over 200 pages of each patient's evidence of coverage, but instead claimed to exist in other policies, documents and manuals utilized by DEFENDANT, but never provided to patient or medical providers.

73.     Additionally, and separately, Patient assigned the rights and benefits under its health plan to Medical Provider and now HAMOC.

74.     At all times the Patients' health plan agreement was in full force and effect.

75.     Under the terms of the agreement, DEFENDANT was obligated to pay for facility services based on Medical Provider's billed charges.

76.     DEFENDANT failed to make payment in accordance with the terms of the written agreement and instead made a payment that was far less than Medical Provider's billed amount.

77.     As an actual, legal, and proximate result of the aforementioned conduct of defendants, and each of them, Medical Provider has suffered and HAMOC now suffers, and will continue to suffer in the future, damages based on DEFENDANT's failure to pay Medical Provider under the terms of the Patient's health plan agreement. A total amount to be determined at trial.

///

///

///

///

///

///

///

///

///

///

///

- 13 -

COMPLAINT

**PRAYER FOR RELIEF**

**WHEREFORE,** Healthcare Ally Management of California, LLC prays for judgment against defendants as follows:

1.     For compensatory damages in an amount to be determined, plus statutory interest.

2.     For restitution in an amount to be determined, plus statutory interest.

3.     For a declaration that DEFENDANT is obligated to pay plaintiff all monies owed for services rendered to the Patients; and

4.     For such other relief as the Court deems just and appropriate.

Dated: November 21, 2022                    LAW OFFICE OF JONATHAN A. STIEGLITZ

By: /s/ Jonathan A. Stieglitz
JONATHAN A. STIEGLITZ
Attorney for Plaintiff,
HEALTHCARE ALLY MANAGEMENT OF
CALIFORNIA, LLC

**DEMAND FOR JURY TRIAL**

Plaintiff, Healthcare Ally Management of California, LLC, hereby demands a jury trial as provided by law.

Dated: November 21, 2022                    LAW OFFICE OF JONATHAN A. STIEGLITZ

By: /s/ Jonathan A. Stieglitz
JONATHAN A. STIEGLITZ
Attorneys for Plaintiff,
HEALTHCARE ALLY MANAGEMENT OF
CALIFORNIA, LLC

- 14 -

COMPLAINT

# INTENTIONALLY
# LEFT BLANK

Electronically FILED by Superior Court of California, County of Los Angeles on 11/21/2022 11:45 AM Sherri R. Carter, Executive Officer/Clerk of Court, by E. Galicia,Deputy Clerk

Case 2:23-cv-01935-ODW-SK   Document 1   Filed 03/15/23   Page 20 of 59   Page ID #:29

**CM-010**

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Jonathan Stieglitz #278028<br>11845 W. Olympic Blvd. Suite 800<br>Los Angeles, California 90064<br><br>TELEPHONE NO.: (323) 979-2063   FAX NO.: (323) 488-6748<br>ATTORNEY FOR *(Name):* Healthcare Ally Managment of California, LLC | *FOR COURT USE ONLY* |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Los Angeles
STREET ADDRESS: 111 N. Hill St.
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Stanley Mosk Courthouse

CASE NAME:
HAMOC v. Arnold & Porter Kaye Scholer, LLP

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| ☑ **Unlimited**<br>(Amount<br>demanded<br>exceeds $25,000) | ☐ **Limited**<br>(Amount<br>demanded is<br>$25,000 or less) | ☐ **Counter**   ☐ **Joinder**<br><br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 22STCV36696 |
| | | | | JUDGE: |
| | | | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
☐ Auto (22)
☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
☐ Asbestos (04)
☐ Product liability (24)
☐ Medical malpractice (45)
☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
☐ Business tort/unfair business practice (07)
☐ Civil rights (08)
☐ Defamation (13)
☐ Fraud (16)
☐ Intellectual property (19)
☐ Professional negligence (25)
☐ Other non-PI/PD/WD tort (35)

**Employment**
☐ Wrongful termination (36)
☐ Other employment (15)

**Contract**
☐ Breach of contract/warranty (06)
☐ Rule 3.740 collections (09)
☐ Other collections (09)
☐ Insurance coverage (18)
☑ Other contract (37)

**Real Property**
☐ Eminent domain/Inverse condemnation (14)
☐ Wrongful eviction (33)
☐ Other real property (26)

**Unlawful Detainer**
☐ Commercial (31)
☐ Residential (32)
☐ Drugs (38)

**Judicial Review**
☐ Asset forfeiture (05)
☐ Petition re: arbitration award (11)
☐ Writ of mandate (02)
☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
☐ Antitrust/Trade regulation (03)
☐ Construction defect (10)
☐ Mass tort (40)
☐ Securities litigation (28)
☐ Environmental/Toxic tort (30)
☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
☐ RICO (27)
☐ Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
☐ Partnership and corporate governance (21)
☐ Other petition *(not specified above)* (43)

2. This case ☐ is ☑ is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
  a. ☐ Large number of separately represented parties
  b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
  c. ☐ Substantial amount of documentary evidence
  d. ☐ Large number of witnesses
  e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
  f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☐ punitive
4. Number of causes of action *(specify):* 4
5. This case ☐ is ☑ is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: November 21, 2022

Jonathan Stieglitz
(TYPE OR PRINT NAME)                                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on **all** other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>*www.courtinfo.ca.gov* |
|---|---|---|

**CM-010**

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the *Civil Case Cover Sheet* contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the *Civil Case Cover Sheet* to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
 Damage/Wrongful Death
Uninsured Motorist (46) *(if the
 case involves an uninsured
 motorist claim subject to
 arbitration, check this item
 instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death)
Tort**
Asbestos (04)
 Asbestos Property Damage
 Asbestos Personal Injury/
 Wrongful Death
Product Liability *(not asbestos or
 toxic/environmental)* (24)
Medical Malpractice (45)
 Medical Malpractice–
 Physicians & Surgeons
 Other Professional Health Care
 Malpractice
Other PI/PD/WD (23)
 Premises Liability (e.g., slip
 and fall)
 Intentional Bodily Injury/PD/WD
 (e.g., assault, vandalism)
 Intentional Infliction of
 Emotional Distress
 Negligent Infliction of
 Emotional Distress
 Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
 Practice (07)
Civil Rights (e.g., discrimination,
 false arrest) *(not civil
 harassment)* (08)
Defamation (e.g., slander, libel)
 (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
 Legal Malpractice
 Other Professional Malpractice
 *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)
**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
 Breach of Rental/Lease
 Contract *(not unlawful detainer
 or wrongful eviction)*
 Contract/Warranty Breach–Seller
 Plaintiff *(not fraud or negligence)*
 Negligent Breach of Contract/
 Warranty
 Other Breach of Contract/Warranty
Collections (e.g., money owed, open
 book accounts) (09)
 Collection Case–Seller Plaintiff
 Other Promissory Note/Collections
 Case
Insurance Coverage *(not provisionally
 complex)* (18)
 Auto Subrogation
 Other Coverage
Other Contract (37)
 Contractual Fraud
 Other Contract Dispute
**Real Property**
Eminent Domain/Inverse
 Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
 Writ of Possession of Real Property
 Mortgage Foreclosure
 Quiet Title
 Other Real Property *(not eminent
 domain, landlord/tenant, or
 foreclosure)*
**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
 drugs, check this item; otherwise,
 report as Commercial or Residential)*
**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
 Writ–Administrative Mandamus
 Writ–Mandamus on Limited Court
 Case Matter
 Writ–Other Limited Court Case
 Review
Other Judicial Review (39)
 Review of Health Officer Order
 Notice of Appeal–Labor
 Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
 *(arising from provisionally complex
 case type listed above)* (41)
**Enforcement of Judgment**
Enforcement of Judgment (20)
 Abstract of Judgment (Out of
 County)
 Confession of Judgment *(non-
 domestic relations)*
 Sister State Judgment
 Administrative Agency Award
 *(not unpaid taxes)*
 Petition/Certification of Entry of
 Judgment on Unpaid Taxes
 Other Enforcement of Judgment
 Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified
 above)* (42)
 Declaratory Relief Only
 Injunctive Relief Only *(non-
 harassment)*
 Mechanics Lien
 Other Commercial Complaint
 Case *(non-tort/non-complex)*
 Other Civil Complaint
 *(non-tort/non-complex)*
**Miscellaneous Civil Petition**
Partnership and Corporate
 Governance (21)
Other Petition *(not specified
 above)* (43)
 Civil Harassment
 Workplace Violence
 Elder/Dependent Adult
 Abuse
 Election Contest
 Petition for Name Change
 Petition for Relief From Late
 Claim
 Other Civil Petition

**Page 2 of 2**

## CIVIL CASE COVER SHEET

# INTENTIONALLY
# LEFT BLANK

Electronically FILED by Superior Court of California, County of Los Angeles on 11/21/2022 11:45 AM Sherri R. Carter, Executive Officer/Clerk of Court, by E. Galicia,Deputy Clerk

| SHORT TITLE | CASE NUMBER |
|---|---|
| Healthcare Ally Management of California, LLC v. Arnold & Porter Kaye Scholer, LLP | 22STCV36696 |

# CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. Location of property or permanently garaged vehicle. | |

| | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

LASC CIV 109 Rev. 10/22
For Mandatory Use

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC Local Rule 2.3

EXHIBIT A - PAGE 32

| SHORT TITLE | CASE NUMBER |
|---|---|
| Healthcare Ally Management of California, LLC v. Arnold & Porter Kaye Scholer, LLP | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☐ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☑ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| Healthcare Ally Management of California, LLC v. Arnold & Porter Kaye Scholer, LLP | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/ negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br><br>Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

**CIVIL CASE COVER SHEET ADDENDUM**
**AND STATEMENT OF LOCATION**

LASC Local Rule 2.3

| SHORT TITLE | CASE NUMBER |
|---|---|
| Healthcare Ally Management of California, LLC v. Arnold & Porter Kaye Scholer, LLP | |

| | **A**<br>Civil Case Cover Sheet Case Type | **B**<br>Type of Action<br>(check only one) | **C**<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation** (Continued) | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2003 Confession of Judgment (non-domestic relations) | 2, 9 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4304 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

| SHORT TITLE | CASE NUMBER |
|---|---|
| Healthcare Ally Management of California, LLC v. Arnold & Porter Kaye Scholer, LLP | |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON:<br>☐ 1. ☑ 2. ☐ 3. ☐ 4. ☐ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | ADDRESS:<br>May be filed at Stanley Mosk Courthouse - 111 N. Hill St. |
|---|---|
| CITY:<br>Los Angeles   STATE:<br>CA   ZIP CODE:<br>90012 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___Los Angeles___ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated: _11/21/2022_____

_____
(SIGNATURE OF ATTORNEY/FILING PARTY

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (10/22).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 10/22
For Mandatory Use

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC Local Rule 2.3

EXHIBIT A - PAGE 36

# INTENTIONALLY
# LEFT BLANK

2019-GEN-014-00

**FILED**
Superior Court of California
County of Los Angeles

MAY 0 3 2019

Sherri R. Carter, Executive Officer/Clerk

By _____, Deputy
Rizalinda Mina

SUPERIOR COURT OF THE STATE OF CALIFORNIA

FOR THE COUNTY OF LOS ANGELES

IN RE LOS ANGELES SUPERIOR COURT )    FIRST AMENDED GENERAL ORDER
— MANDATORY ELECTRONIC FILING )
FOR CIVIL )
)
)
)
)
_____ )

On December 3, 2018, the Los Angeles County Superior Court mandated electronic filing of all documents in Limited Civil cases by litigants represented by attorneys. On January 2, 2019, the Los Angeles County Superior Court mandated electronic filing of all documents filed in Non-Complex Unlimited Civil cases by litigants represented by attorneys. (California Rules of Court, rule 2.253(b).) All electronically filed documents in Limited and Non-Complex Unlimited cases are subject to the following:

1) DEFINITIONS

     a) **"Bookmark"**   A bookmark is a PDF document navigational tool that allows the reader to quickly locate and navigate to a designated point of interest within a document.

     b) **"Efiling Portal"**   The official court website includes a webpage, referred to as the efiling portal, that gives litigants access to the approved Electronic Filing Service Providers.

     c) **"Electronic Envelope"**   A transaction through the electronic service provider for submission of documents to the Court for processing which may contain one or more PDF documents attached.

     d) **"Electronic Filing"**   Electronic Filing (eFiling) is the electronic transmission to a Court of a document in electronic form. (California Rules of Court, rule 2.250(b)(7).)

1

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

e) **"Electronic Filing Service Provider"**   An Electronic Filing Service Provider (EFSP) is a person or entity that receives an electronic filing from a party for retransmission to the Court. In the submission of filings, the EFSP does so on behalf of the electronic filer and not as an agent of the Court.  (California Rules of Court, rule 2.250(b)(8).)

f) **"Electronic Signature"**   For purposes of these local rules and in conformity with Code of Civil Procedure section 17, subdivision (b)(3), section 34, and section 1010.6, subdivision (b)(2), Government Code section 68150, subdivision (g), and California Rules of Court, rule 2.257, the term "Electronic Signature" is generally defined as an electronic sound, symbol, or process attached to or logically associated with an electronic record and executed or adopted by a person with the intent to sign the electronic record.

g) **"Hyperlink"**   An electronic link providing direct access from one distinctively marked place in a hypertext or hypermedia document to another in the same or different document.

h) **"Portable Document Format"**   A digital document format that preserves all fonts, formatting, colors and graphics of the original source document, regardless of the application platform used.

2) MANDATORY ELECTRONIC FILING

a) Trial Court Records

Pursuant to Government Code section 68150, trial court records may be created, maintained, and preserved in electronic format.  Any document that the Court receives electronically must be clerically processed and must satisfy all legal filing requirements in order to be filed as an official court record (California Rules of Court, rules 2.100, et seq. and 2.253(b)(6)).

b) Represented Litigants

Pursuant to California Rules of Court, rule 2.253(b), represented litigants are required to electronically file documents with the Court through an approved EFSP.

c) Public Notice

The Court has issued a Public Notice with effective dates the Court required parties to electronically file documents through one or more approved EFSPs.  Public Notices containing effective dates and the list of EFSPs are available on the Court's website, at www.lacourt.org.

2

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

1    d) Documents in Related Cases

2        Documents in related cases must be electronically filed in the eFiling portal for that case type if

3        electronic filing has been implemented in that case type, regardless of whether the case has

4        been related to a Civil case.

5    3) EXEMPT LITIGANTS

6        a) Pursuant to California Rules of Court, rule 2.253(b)(2), self-represented litigants are exempt

7            from mandatory electronic filing requirements.

8        b) Pursuant to Code of Civil Procedure section 1010.6, subdivision (d)(3) and California Rules of

9            Court, rule 2.253(b)(4), any party may make application to the Court requesting to be excused

10           from filing documents electronically and be permitted to file documents by conventional

11           means if the party shows undue hardship or significant prejudice.

12   4) EXEMPT FILINGS

13       a) The following documents shall not be filed electronically:

14           i)   Peremptory Challenges or Challenges for Cause of a Judicial Officer pursuant to Code of

15                Civil Procedure sections 170.6 or 170.3;

16           ii)  Bonds/Undertaking documents;

17           iii) Trial and Evidentiary Hearing Exhibits

18           iv)  Any ex parte application that is filed concurrently with a new complaint including those

19                that will be handled by a Writs and Receivers department in the Mosk courthouse; and

20           v)   Documents submitted conditionally under seal.  The actual motion or application shall be

21                electronically filed.  A courtesy copy of the electronically filed motion or application to

22                submit documents conditionally under seal must be provided with the documents

23                submitted conditionally under seal.

24       b) Lodgments

25           Documents attached to a Notice of Lodgment shall be lodged and/or served conventionally in

26       paper form.  The actual document entitled, "Notice of Lodgment," shall be filed electronically.

27   //

28   //

---

3

FIRST AMENDED GENERAL ORDER RE MANDATORY ELECTRONIC FILING FOR CIVIL

2019-GEN-014-00

5) ELECTRONIC FILING SYSTEM WORKING PROCEDURES

Electronic filing service providers must obtain and manage registration information for persons and entities electronically filing with the court.

6) TECHNICAL REQUIREMENTS

a) Electronic documents must be electronically filed in PDF, text searchable format **when** technologically feasible without impairment of the document's image**.**

b) The table of contents for any filing must be bookmarked.

c) Electronic documents, including but not limited to, declarations, proofs of service, and exhibits, must be bookmarked within the document pursuant to California Rules of Court, rule 3.1110(f)(4). Electronic bookmarks must include links to the first page of each bookmarked item (e.g. exhibits, declarations, deposition excerpts) and with bookmark titles that identify the bookedmarked item and briefly describe the item.

d) Attachments to primary documents must be bookmarked. Examples include, but are not limited to, the following:

   i)   Depositions;

   ii)  Declarations;

   iii) Exhibits (including exhibits to declarations);

   iv)  Transcripts (including excerpts within transcripts);

   v)   Points and Authorities;

   vi)  Citations; and

   vii) Supporting Briefs.

e) Use of hyperlinks within documents (including attachments and exhibits) is strongly encouraged.

f) Accompanying Documents

Each document acompanying a single pleading must be electronically filed as a **separate** digital PDF document.

g) Multiple Documents

Multiple documents relating to one case can be uploaded in one envelope transaction.

h) Writs and Abstracts

Writs and Abstracts must be submitted as a separate electronic envelope.

i) Sealed Documents

If and when a judicial officer orders documents to be filed under seal, those documents must be filed electronically (unless exempted under paragraph 4); the burden of accurately designating the documents as sealed at the time of electronic submission is the submitting party's responsibility.

j) Redaction

Pursuant to California Rules of Court, rule 1.201, it is the submitting party's responsibility to redact confidential information (such as using initials for names of minors, using the last four digits of a social security number, and using the year for date of birth) so that the information shall not be publicly displayed.

7) ELECTRONIC FILING SCHEDULE

a) Filed Date

i) Any document received electronically by the court between 12:00 am and 11:59:59 pm shall be deemed to have been effectively filed on that court day if accepted for filing. Any document received electronically on a non-court day, is deemed to have been effectively filed on the next court day if accepted.    (California Rules of Court, rule 2.253(b)(6); Code Civ. Proc. § 1010.6(b)(3).)

ii) Notwithstanding any other provision of this order, if a digital document is not filed in due course because of: (1) an interruption in service; (2) a transmission error that is not the fault of the transmitter; or (3) a processing failure that occurs after receipt, the Court may order, either on its own motion or by noticed motion submitted with a declaration for Court consideration, that the document be deemed filed and/or that the document's filing date conform to the attempted transmission date.

8) EX PARTE APPLICATIONS

a) Ex parte applications and all documents in support thereof must be electronically filed no later than 10:00 a.m. the court day <u>before</u> the ex parte hearing.

b) Any written opposition to an ex parte application must be electronically filed by 8:30 a.m. the day of the ex parte hearing.  A printed courtesy copy of any opposition to an ex parte application must be provided to the court the day of the ex parte hearing.

9) PRINTED COURTESY COPIES

a) For any filing electronically filed two or fewer days before the hearing, a courtesy copy must be delivered to the courtroom by 4:30 p.m. the same business day the document is efiled.  If the efiling is submitted after 4:30 p.m., the courtesy copy must be delivered to the courtroom by 10:00 a.m. the next business day.

b) Regardless of the time of electronic filing, a printed courtesy copy (along with proof of electronic submission) is required for the following documents:

   i)   Any printed document required pursuant to a Standing or General Order;

   ii)  Pleadings and motions (including attachments such as declarations and exhibits) of 26 pages or more;

   iii) Pleadings and motions that include points and authorities;

   iv)  Demurrers;

   v)   Anti-SLAPP filings, pursuant to Code of Civil Procedure section 425.16;

   vi)  Motions for Summary Judgment/Adjudication; and

   vii) Motions to Compel Further Discovery.

c) Nothing in this General Order precludes a Judicial Officer from requesting a courtesy copy of additional documents.  Courtroom specific courtesy copy guidelines can be found at www.lacourt.org on the Civil webpage under "Courtroom Information."

10) WAIVER OF FEES AND COSTS FOR ELECTRONICALLY FILED DOCUMENTS

a) Fees and costs associated with electronic filing must be waived for any litigant who has received a fee waiver.  (California Rules of Court, rules 2.253(b)(), 2.258(b), Code Civ. Proc. § 1010.6(d)(2).)

b) Fee waiver applications for waiver of court fees and costs pursuant to Code of Civil Procedure section 1010.6, subdivision (b)(6), and  California Rules of Court, rule 2.252(f), may be electronically filed in any authorized action or proceeding.

1  11) SIGNATURES ON ELECTRONIC FILING

2      For purposes of this General Order, all electronic filings must be in compliance with California

3      Rules of Court, rule 2.257.  This General Order applies to documents filed within the Civil

4      Division of the Los Angeles County Superior Court.

5

6          This First Amended General Order supersedes any previous order related to electronic filing,

7      and is effective immediately, and is to remain in effect until otherwise ordered by the Civil

8      Supervising Judge and/or Presiding Judge.

9

10     DATED:  May 3, 2019        KEVIN C. BRAZILE

11                                                    Presiding Judge

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# INTENTIONALLY
# LEFT BLANK

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>11/21/2022<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ E. Galicia _____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br><br>**UNLIMITED CIVIL CASE** | |
| **Your case is assigned for all purposes to the judicial officer indicated below.** | CASE NUMBER:<br>22STCV36696 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|---|
| ✔ | Barbara A. Meiers | 12 | | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record

on  11/21/2022
     (Date)

Sherri R. Carter, Executive Officer / Clerk of Court

By  E. Galicia _____, Deputy Clerk

LACIV 190 (Rev 6/18)
LASC Approved 05/06

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

<u>INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES</u>

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

**<u>APPLICATION</u>**
The Division 7 Rules were effective January 1, 2007.  They apply to all general civil cases.

**<u>PRIORITY OVER OTHER RULES</u>**
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

**<u>CHALLENGE TO ASSIGNED JUDGE</u>**
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

**<u>TIME STANDARDS</u>**
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

**<u>COMPLAINTS</u>**
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

**<u>CROSS-COMPLAINTS</u>**
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed.  Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

**<u>STATUS CONFERENCE</u>**
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint.  Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

**<u>FINAL STATUS CONFERENCE</u>**
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date.  All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference.  These matters may be heard and resolved at this conference.  At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

**<u>SANCTIONS</u>**
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules.  Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction.  Careful reading and compliance with the actual Chapter Rules is imperative.**

**<u>Class Actions</u>**
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

**<u>*Provisionally Complex Cases</u>**
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status.  If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse.  If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

# INTENTIONALLY
# LEFT BLANK

| **SUPERIOR COURT OF CALIFORNIA COUNTY OF LOS ANGELES** | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Stanley Mosk Courthouse<br>111 North Hill Street, Los Angeles, CA 90012 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**12/05/2022**<br>Sherri R. Carter, Executive Officer / Clerk of Court<br>By: _____ A. Solis _____ Deputy |
| PLAINTIFF/PETITIONER:<br>Healthcare Ally Management of California, LLC | |
| DEFENDANT/RESPONDENT:<br>Arnold & Porter Kaye Scholer, LLP | |
| **CERTIFICATE OF MAILING** | CASE NUMBER:<br>22STCV35696 |

I, the below-named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below by placing the document for collection and mailing so as to cause it to be deposited in the United States mail at the courthouse in Los Angeles, California, one copy of the original filed/entered herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid, in accordance with standard court practices.

Jonathan A Stieglitz
The Law Offices of Jonathan A. Stieglitz
11845 W Olympic Blvd
Suite 800
Los Angeles, CA 90064

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: 12/5/2022

By: _A. Solis_____
      Deputy Clerk

**CERTIFICATE OF MAILING**

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
**Stanley Mosk Courthouse**
**111 North Hill Street, Los Angeles, CA 90012**

PLAINTIFF:
**Healthcare Ally Management of California, LLC**

DEFENDANT:
**Arnold & Porter Kaye Scholer, LLP**

## NOTICE OF CASE MANAGEMENT CONFERENCE

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

**12/05/2022**

Sherri R. Carter, Executive Officer / Clerk of Court

By: _____ A. Solis _____ Deputy

CASE NUMBER:
**22STCV36696**

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

| Date: | Time: | Dept.: |
|-------|-------|--------|
| 05/22/2023 | 9:00 AM | 12 |

NOTICE TO DEFENDANT:   THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608 (subdivision (b)) and California Rules of Court, rule 2.2 et seq.

Dated: __12/05/2022__

_____ Barbara A. Meiers / Judge _____
Judicial Officer

## CERTIFICATE OF SERVICE

I, the below named Executive Officer/Clerk of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in __Los Angeles__, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Jonathan A Stieglitz
11845 W Olympic Blvd
Suite 800
Los Angeles, CA 90064

Sherri R. Carter, Executive Officer / Clerk of Court

Dated: __12/05/2022__

By __A. Solis__
Deputy Clerk

LACIV 132 (Rev. 07/13)
LASC Approved 10-03
For Optional Use

**NOTICE OF**
**CASE MANAGEMENT CONFERENCE**

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter Three

EXHIBIT A - PAGE 50

# DEPARTMENT 12

## Judge Barbara A. Meiers

111 N. Hill Street, Room 636
Los Angeles, CA 90012
(213) 633-1012
Judicial Assistant: Julian Araujo
Courtroom Assistant: Carol Ellis

## MANDATORY COURTESY COPIES
## REQUIRED FOR ALL FILINGS
## IF NOT, THE MOTION, OPPOSITION, OR REPLY
## MAY NOT BE CONSIDERED

Courtesy Copies of all filings are to be lodged directly with Department 12 within one court day after any electronic filing. A failure to timely provide courtesy copies may result in a matter not being placed on the court's calendar at all, or a motion or a matter being taken off calendar. Similarly, if any courtesy copy of an opposition, or any other form of response is not provided, the court may decline to consider any such "opposition" at all, whether it be to a motion, a demurrer, or any other matter before the court. The same is true with regards to "replies" not provided by means of a courtesy copy. Courtesy copies of pleadings, complaints, and answers are also required.

# NOTICE:

A TRIAL BRIEF IS REQUESTED BUT NOT REQUIRED TO BE FILED IF POSSIBLE ON OR BEFORE THE CASE MANAGEMENT CONFERENCE DATE PER THE DEPT.12 WEBSITE. COUNSEL WHO WILL TRY THE CASE ARE ORDERED TO APPEAR AT THE CASE MANAGEMENT CONFERENCE.  A FAILURE TO APPEAR BY SUCH A PLAINTIFF'S AND CROSS-COMPLAINANT'S COUNSEL WILL BE DEEMED A CONSENT TO DISMISSAL OF THE COMPLAINT OR CROSS -COMPLAINT AND THE CASE WILL BE DISMISSED ON THE CASE MANAGEMENT DATE WITHOUT FURTHER NOTICE ON THE CASE MANAGEMENT DATE.  NO PARTY IS REQUIRED TO FILE A CASE MANAGEMENT STATEMENT IN DEPT. 12.

# INTENTIONALLY
# LEFT BLANK

## VOLUNTARY EFFICIENT LITIGATION STIPULATIONS



**Superior Court of California County of Los Angeles**



**Los Angeles County Bar Association Litigation Section**

**Los Angeles County Bar Association Labor and Employment Law Section**



**Consumer Attorneys Association of Los Angeles**



**Southern California Defense Counsel**



**Association of Business Trial Lawyers**



**California Employment Lawyers Association**

The Early Organizational Meeting Stipulation, Discovery Resolution Stipulation, and Motions in Limine Stipulation are voluntary stipulations entered into by the parties.  The parties may enter into one, two, or all three of the stipulations; however, they may not alter the stipulations as written, because the Court wants to ensure uniformity of application.  These stipulations are meant to encourage cooperation between the parties and to assist in resolving issues in a manner that promotes economic case resolution and judicial efficiency.

*The following organizations endorse the goal of promoting efficiency in litigation and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases.*

◆**Los Angeles County Bar Association Litigation Section**◆

◆ **Los Angeles County Bar Association Labor and Employment Law Section**◆

◆**Consumer Attorneys Association of Los Angeles**◆

◆**Southern California Defense Counsel**◆

◆**Association of Business Trial Lawyers**◆

◆**California Employment Lawyers Association**◆

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:                      FAX NO. (Optional): | | |
| E-MAIL ADDRESS (Optional): | | |
| ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – EARLY ORGANIZATIONAL MEETING** | CASE NUMBER: |
|---|---|

**This stipulation is intended to encourage cooperation among the parties at an early stage in the litigation and to assist the parties in efficient case resolution.**

**The parties agree that:**

1.  The parties commit to conduct an initial conference (in-person or via teleconference or via videoconference) within 15 days from the date this stipulation is signed, *to discuss and consider whether there can be agreement on the following*:

    a.  Are motions to challenge the pleadings necessary? If the issue can be resolved by amendment as of right, or if the Court would allow leave to amend, could an amended complaint resolve most or all of the issues a demurrer might otherwise raise? If so, the parties agree to work through pleading issues so that a demurrer need only raise issues they cannot resolve. Is the issue that the defendant seeks to raise amenable to resolution on demurrer, or would some other type of motion be preferable? Could a voluntary targeted exchange of documents or information by any party cure an uncertainty in the pleadings?

    b.  Initial mutual exchanges of documents at the "core" of the litigation. (For example, in an employment case, the employment records, personnel file and documents relating to the conduct in question could be considered "core." In a personal injury case, an incident or police report, medical records, and repair or maintenance records could be considered "core.");

    c.  Exchange of names and contact information of witnesses;

    d.  Any insurance agreement that may be available to satisfy part or all of a judgment, or to indemnify or reimburse for payments made to satisfy a judgment;

    e.  Exchange of any other information that might be helpful to facilitate understanding, handling, or resolution of the case in a manner that preserves objections or privileges by agreement;

    f.  Controlling issues of law that, if resolved early, will promote efficiency and economy in other phases of the case. Also, when and how such issues can be presented to the Court;

    g.  Whether or when the case should be scheduled with a settlement officer, what discovery or court ruling on legal issues is reasonably required to make settlement discussions meaningful, and whether the parties wish to use a sitting judge or a private mediator or other options as

LACIV 229 (Rev 02/15)
LASC Approved 04/11
For Optional Use

**STIPULATION – EARLY ORGANIZATIONAL MEETING**

Page 1 of 2
EXHIBIT A - PAGE 55

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

discussed in the "Alternative Dispute Resolution (ADR) Information Package" served with the complaint;

h. Computation of damages, including documents, not privileged or protected from disclosure, on which such computation is based;

i. Whether the case is suitable for the Expedited Jury Trial procedures (see information at **_www.lacourt.org_** under "*Civil*" and then under "*General Information*").

2. The time for a defending party to respond to a complaint or cross-complaint will be extended to _____ for the complaint, and _____ for the cross-
   <span>(INSERT DATE)</span>                        <span>(INSERT DATE)</span>
   complaint, which is comprised of the 30 days to respond under Government Code § 68616(b), and the 30 days permitted by Code of Civil Procedure section 1054(a), good cause having been found by the Civil Supervising Judge due to the case management benefits provided by this Stipulation. A copy of the General Order can be found at *www.lacourt.org* under "*Civil*", click on "*General Information*", then click on "*Voluntary Efficient Litigation Stipulations*".

3. The parties will prepare a joint report titled "Joint Status Report Pursuant to Initial Conference and Early Organizational Meeting Stipulation, and if desired, a proposed order summarizing results of their meet and confer and advising the Court of any way it may assist the parties' efficient conduct or resolution of the case. The parties shall attach the Joint Status Report to the Case Management Conference statement, and file the documents when the CMC statement is due.

4. References to "days" mean calendar days, unless otherwise noted. If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day

The following parties stipulate:

Date:
_____          ➤ _____
           (TYPE OR PRINT NAME)                        (ATTORNEY FOR PLAINTIFF)
Date:
_____          ➤ _____
           (TYPE OR PRINT NAME)                        (ATTORNEY FOR DEFENDANT)
Date:
_____          ➤ _____
           (TYPE OR PRINT NAME)                        (ATTORNEY FOR DEFENDANT)
Date:
_____          ➤ _____
           (TYPE OR PRINT NAME)                        (ATTORNEY FOR DEFENDANT)
Date:
_____          ➤ _____
           (TYPE OR PRINT NAME)                        (ATTORNEY FOR _____)
Date:
_____          ➤ _____
           (TYPE OR PRINT NAME)                        (ATTORNEY FOR _____)
Date:
_____          ➤ _____
           (TYPE OR PRINT NAME)                        (ATTORNEY FOR _____)

Print          Save

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|

TELEPHONE NO.:          FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION – DISCOVERY RESOLUTION** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide a fast and informal resolution of discovery issues through limited paperwork and an informal conference with the Court to aid in the resolution of the issues.**

**The parties agree that:**

1. Prior to the discovery cut-off in this action, no discovery motion shall be filed or heard unless the moving party first makes a written request for an Informal Discovery Conference pursuant to the terms of this stipulation.

2. At the Informal Discovery Conference the Court will consider the dispute presented by parties and determine whether it can be resolved informally. Nothing set forth herein will preclude a party from making a record at the conclusion of an Informal Discovery Conference, either orally or in writing.

3. Following a reasonable and good faith attempt at an informal resolution of each issue to be presented, a party may request an Informal Discovery Conference pursuant to the following procedures:

   a. The party requesting the Informal Discovery Conference will:

      i. File a Request for Informal Discovery Conference with the clerk's office on the approved form (copy attached) and deliver a courtesy, conformed copy to the assigned department;

      ii. Include a brief summary of the dispute and specify the relief requested; and

      iii. Serve the opposing party pursuant to any authorized or agreed method of service that ensures that the opposing party receives the Request for Informal Discovery Conference no later than the next court day following the filing.

   b. Any Answer to a Request for Informal Discovery Conference must:

      i. Also be filed on the approved form (copy attached);

      ii. Include a brief summary of why the requested relief should be denied;

**STIPULATION – DISCOVERY RESOLUTION**

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

   iii.   Be filed within two (2) court days of receipt of the Request; and

   iv.   Be served on the opposing party pursuant to any authorized or agreed upon method of service that ensures that the opposing party receives the Answer no later than the next court day following the filing.

c.   No other pleadings, including but not limited to exhibits, declarations, or attachments, will be accepted.

d.   If the Court has not granted or denied the Request for Informal Discovery Conference within ten (10) days following the filing of the Request, then it shall be deemed to have been denied.  If the Court acts on the Request, the parties will be notified whether the Request for Informal Discovery Conference has been granted or denied and, if granted, the date and time of the Informal Discovery Conference, which must be within twenty (20) days of the filing of the Request for Informal Discovery Conference.

e.   If the conference is not held within twenty (20) days of the filing of the Request for Informal Discovery Conference, unless extended by agreement of the parties and the Court, then the Request for the Informal Discovery Conference shall be deemed to have been denied at that time.

4.   If (a) the Court has denied a conference or (b) one of the time deadlines above has expired without the Court having acted or (c) the Informal Discovery Conference is concluded without resolving the dispute, then a party may file a discovery motion to address unresolved issues.

5.   The parties hereby further agree that the time for making a motion to compel or other discovery motion is tolled from the date of filing of the Request for Informal Discovery Conference until (a) the request is denied or deemed denied or (b) twenty (20) days after the filing of the Request for Informal Discovery Conference, whichever is earlier, unless extended by Order of the Court.

It is the understanding and intent of the parties that this stipulation shall, for each discovery dispute to which it applies, constitute a writing memorializing a "specific later date to which the propounding [or demanding or requesting] party and the responding party have agreed in writing," within the meaning of Code Civil Procedure sections 2030.300(c), 2031.320(c), and 2033.290(c).

6.   Nothing herein will preclude any party from applying *ex parte* for appropriate relief, including an order shortening time for a motion to be heard concerning discovery.

7.   Any party may terminate this stipulation by giving twenty-one (21) days notice of intent to terminate the stipulation.

8.   References to "days" mean calendar days, unless otherwise noted.  If the date for performing any act pursuant to this stipulation falls on a Saturday, Sunday or Court holiday, then the time for performing that act shall be extended to the next Court day.

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

Page 2 of 3
EXHIBIT A - PAGE 58

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

**The following parties stipulate:**

Date: _____

➢ _____
_____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR PLAINTIFF)

Date: _____

➢ _____
_____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR DEFENDANT)

Date: _____

➢ _____
_____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR DEFENDANT)

Date: _____

➢ _____
_____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR DEFENDANT)

Date: _____

➢ _____
_____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR _____)

Date: _____

➢ _____
_____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR _____)

Date: _____

➢ _____
_____
(TYPE OR PRINT NAME)                                    (ATTORNEY FOR _____)

| Print | Save | | Clear |
|---|---|---|---|

LACIV 036 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION – DISCOVERY RESOLUTION**

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| TELEPHONE NO.:          FAX NO. (Optional):<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): | | |

**SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **INFORMAL DISCOVERY CONFERENCE**<br>(pursuant to the Discovery Resolution Stipulation of the parties) | CASE NUMBER: |
|---|---|

1. This document relates to:

   ☐   Request for Informal Discovery Conference
   ☐   Answer to Request for Informal Discovery Conference

2. Deadline for Court to decide on Request: _____ (insert date 10 calendar days following filing of the Request).

3. Deadline for Court to hold Informal Discovery Conference: _____ (insert date 20 calendar days following filing of the Request).

4. **For a Request for Informal Discovery Conference, <u>briefly</u> describe the nature of the discovery dispute, including the facts and legal arguments at issue.  For an Answer to Request for Informal Discovery Conference, <u>briefly</u> describe why the Court should deny the requested discovery, including the facts and legal arguments at issue.**

**INFORMAL DISCOVERY CONFERENCE**
(pursuant to the Discovery Resolution Stipulation of the parties)

Print     Save

EXHIBIT A - PAGE 60

| NAME AND ADDRESS OF ATTORNEY OR PARTY WITHOUT ATTORNEY: | STATE BAR NUMBER | Reserved for Clerk's File Stamp |
|---|---|---|
| | | |

TELEPHONE NO.:                          FAX NO. (Optional):
E-MAIL ADDRESS (Optional):
ATTORNEY FOR (Name):

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:

PLAINTIFF:

DEFENDANT:

| **STIPULATION AND ORDER – MOTIONS IN LIMINE** | CASE NUMBER: |
|---|---|

**This stipulation is intended to provide fast and informal resolution of evidentiary issues through diligent efforts to define and discuss such issues and limit paperwork.**

**The parties agree that:**

1. At least _____ days before the final status conference, each party will provide all other parties with a list containing a one paragraph explanation of each proposed motion in limine.  Each one paragraph explanation must identify the substance of a single proposed motion in limine and the grounds for the proposed motion.

2. The parties thereafter will meet and confer, either in person or via teleconference or videoconference, concerning all proposed motions in limine.  In that meet and confer, the parties will determine:

   a. Whether the parties can stipulate to any of the proposed motions.  If the parties so stipulate, they may file a stipulation and proposed order with the Court.

   b. Whether any of the proposed motions can be briefed and submitted by means of a short joint statement of issues.  For each motion which can be addressed by a short joint statement of issues, a short joint statement of issues must be filed with the Court 10 days prior to the final status conference.  Each side's portion of the short joint statement of issues may not exceed three pages.  The parties will meet and confer to agree on a date and manner for exchanging the parties' respective portions of the short joint statement of issues and the process for filing the short joint statement of issues.

3. All proposed motions in limine that are not either the subject of a stipulation or briefed via a short joint statement of issues will be briefed and filed in accordance with the California Rules of Court and the Los Angeles Superior Court Rules.

LACIV 075 (new)
LASC Approved 04/11
For Optional Use

**STIPULATION AND ORDER – MOTIONS IN LIMINE**

Page 1 of 2
EXHIBIT A - PAGE 61

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| | |

## The following parties stipulate:

Date: _____

➤ _____
_____ (ATTORNEY FOR PLAINTIFF)
(TYPE OR PRINT NAME)

Date: _____

➤ _____
_____ (ATTORNEY FOR DEFENDANT)
(TYPE OR PRINT NAME)

Date: _____

➤ _____
_____ (ATTORNEY FOR DEFENDANT)
(TYPE OR PRINT NAME)

Date: _____

➤ _____
_____ (ATTORNEY FOR DEFENDANT)
(TYPE OR PRINT NAME)

Date: _____

➤ _____
_____ (ATTORNEY FOR _____)
(TYPE OR PRINT NAME)

Date: _____

➤ _____
_____ (ATTORNEY FOR _____)
(TYPE OR PRINT NAME)

Date: _____

➤ _____
_____ (ATTORNEY FOR _____)
(TYPE OR PRINT NAME)

## THE COURT SO ORDERS.

Date: _____

_____
JUDICIAL OFFICER

Print    Save    Clear

LACIV 075 (new)
LASC Approved 04/11    **STIPULATION AND ORDER – MOTIONS IN LIMINE**    Page 2 of 2
EXHIBIT A - PAGE 62

**FILED**

LOS ANGELES SUPERIOR COURT

MAY 1 1 2011

JOHN A. CLARKE, CLERK

*N. Navarro*

BY NANCY NAVARRO, DEPUTY

## SUPERIOR COURT OF THE STATE OF CALIFORNIA

## FOR THE COUNTY OF LOS ANGELES

| | |
|---|---|
| General Order Re<br>Use of Voluntary Efficient Litigation<br>Stipulations | ) ORDER PURSUANT TO CCP 1054(a),<br>) EXTENDING TIME TO RESPOND BY<br>) 30 DAYS WHEN PARTIES AGREE<br>) TO EARLY ORGANIZATIONAL<br>) MEETING STIPULATION<br>) |

Whereas the Los Angeles Superior Court and the Executive Committee of the Litigation Section of the Los Angeles County Bar Association have cooperated in drafting "Voluntary Efficient Litigation Stipulations" and in proposing the stipulations for use in general jurisdiction civil litigation in Los Angeles County;

Whereas the Los Angeles County Bar Association Litigation Section; the Los Angeles County Bar Association Labor and Employment Law Section; the Consumer Attorneys Association of Los Angeles; the Association of Southern California Defense Counsel; the Association of Business Trial Lawyers of Los Angeles; and the California Employment Lawyers Association all "endorse the goal of promoting efficiency in litigation, and ask that counsel consider using these stipulations as a voluntary way to promote communications and procedures among counsel and with the court to fairly resolve issues in their cases;"

-1-

ORDER PURSUANT TO CCP 1054(a)

Whereas the Early Organizational Meeting Stipulation is intended to encourage cooperation among the parties at an early stage in litigation in order to achieve litigation efficiencies;

Whereas it is intended that use of the Early Organizational Meeting Stipulation will promote economic case resolution and judicial efficiency;

Whereas, in order to promote a meaningful discussion of pleading issues at the Early Organizational Meeting and potentially to reduce the need for motions to challenge the pleadings, it is necessary to allow additional time to conduct the Early Organizational Meeting before the time to respond to a complaint or cross complaint has expired;

Whereas Code of Civil Procedure section 1054(a) allows a judge of the court in which an action is pending to extend for not more than 30 days the time to respond to a pleading "upon good cause shown";

Now, therefore, this Court hereby finds that there is good cause to extend for 30 days the time to respond to a complaint or to a cross complaint in any action in which the parties have entered into the Early Organizational Meeting Stipulation.  This finding of good cause is based on the anticipated judicial efficiency and benefits of economic case resolution that the Early Organizational Meeting Stipulation is intended to promote.

IT IS HEREBY ORDERED that, in any case in which the parties have entered into an Early Organizational Meeting Stipulation, the time for a defending party to respond to a complaint or cross complaint shall be extended by the 30 days permitted

-2-

ORDER PURSUANT TO CCP 1054(a)

by Code of Civil Procedure section 1054(a) without further need of a specific court order.

DATED: _May 11, 2011_

Carolyn B. Kuhl, Supervising Judge of the
Civil Departments, Los Angeles Superior Court

-3-

ORDER PURSUANT TO CCP 1054(a)

# INTENTIONALLY
# LEFT BLANK



# Superior Court of California, County of Los Angeles

<div style="border">

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

</div>

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:**  ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or a decision by a judge or jury.

### Main Types of ADR

1. **Negotiation**: Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation**: In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all.  Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may <u>not</u> be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

**How to Arrange Mediation in Los Angeles County**

Mediation for **civil cases** is voluntary and parties may select any mediator they wish. Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Case Manager Elizabeth Sanchez, elizabeth@adrservices.com (949) 863-9800
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

**These organizations cannot accept every case and they may decline cases at their discretion**. They may offer online mediation by video conference for cases they accept. Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

**NOTE: The Civil Mediation Vendor Resource List program does not accept family law, probate or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs**
   https://hrc.lacounty.gov/wp-content/uploads/2020/05/DRP-Fact-Sheet-23October19-Current-as-of-October-2019-1.pdf

   Day of trial mediation programs have been paused until further notice.

   **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration**: Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome. In "binding" arbitration, the arbitrator's decision is final; there is no right to trial. In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision. For more information about arbitration, visit http://www.courts.ca.gov/programs-adr

4. **Mandatory Settlement Conferences (MSC)**: MSCs are ordered by the Court and are often held close to the trial date or on the day of trial. The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement. For information about the Court's MSC programs for civil cases, visit http://www.lacourt.org/division/civil/C10047.aspx

Los Angeles Superior Court ADR website: http://www.lacourt.org/division/civil/C10109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm